# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DWIGHT TERRY and SABRINA TERRY, ) | |
| ) | |
| Plaintiffs, ) | Case No. 09-00799-CV-W-DGK |
| ) | |
| v. ) | |
| ) | |
| C & D COMPLETE BUSINESS ) | |
| SOLUTIONS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiffs Dwight and Sabrina Terry's Motion for Summary Judgment, Suggestions in Support and Statement of Facts. Docs. 16-18. Pro se Defendant C & D Complete Business Solutions failed to file a timely response and was ordered to do so by the Court. Doc. 22. Defendant then filed a perfunctory response denying liability. Doc. 23. In view of Defendant's pro se status, the Court granted it additional time to respond and advised it to seek counsel. Doc. 24. Defendant then filed a lengthier timely response, to which Plaintiffs replied. Docs. 25-26. For the reasons discussed herein, Plaintiffs' Motion is GRANTED.

## Background

On September 29, 2009, Plaintiffs filed suit against Defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692 *et seq.* They claim that Defendant, a debt collector as defined in the FDCPA, sent them correspondence attempting to collect a debt for $808.00. Doc. 1 at ¶ 10. The debt was allegedly due for chiropractic services to Carpenter Chiropractic Health Center of Pleasanton, Kansas. The correspondence allegedly stated that Defendant intended to garnish Plaintiffs' wages. Plaintiffs allege that in the course of

attempting to collect this debt, Defendant violated the FDCPA "in one or more of the following ways:

> a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);
> b. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);
> c. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;
> d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;
> e. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);
> f. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);
> g. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);
> h. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);
> i. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.
> j. Contradicted, overshadowed and obscured the required validation/verification language required by §1692g(a) of the FDCPA by extraneous language contained in the aforementioned Letter;
> k. Was otherwise deceptive and failed to comply with the provisions of the FDCPA."

*Id.* at ¶¶ 22, 27. Plaintiffs seek actual damages, statutory damages, and attorneys' fees pursuant to the FDCPA's civil remedy. *Id.* at ¶¶ 23, 28; 15 U.S.C. § 1692k.

Plaintiffs' Motion is premised on Defendant's failure to participate in this lawsuit. They allege that Defendant's failure to answer and respond to requests for admissions constitute admissions. Defendant initially filed its Answer in narrative form, describing the collection

process in this case and its understanding of the FDCPA and Missouri and Kansas law. Doc. 5. In response to a Motion to strike, Defendant then amended its answer to the usual format of responding to Plaintiffs' allegations on a paragraph-by-paragraph basis. Doc. 9. However, Plaintiffs' Complaint contains 28 substantive paragraphs but Defendant's Amended Answer only goes up to 20. Furthermore, Plaintiffs served Defendant with a request for admissions on January 25, 2010, which they assert are admitted by Defendant's failure to answer or object. Doc. 15. Defendant does not contest that it failed to respond to this portion of the complaint or the request for admissions, and attempts to deny them now in its summary judgment response. Doc. 25 at ¶¶ 4, 7. Defendant failed to respond to the following pleadings:

21. The aforesaid correspondence also stated that Defendant was attempting to collect a debt from Plaintiffs and that Plaintiffs have failed to pay the putative debt.
22. In its attempts to collect the debt allegedly owed by Plaintiffs, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways: [see page 2].
23. As a result of Defendant's violations as aforesaid, Dwight has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.
WHEREFORE, Plaintiff, DWIGHT TERRY, by and through his attorneys, respectfully prays for judgment as follows:
a. All actual compensatory damages suffered;
b. Statutory damages of $1,000.00;
c. Plaintiff's attorneys' fees and costs;
d. Any other relief deemed appropriate by this Honorable Court.
24. Sabrina re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.
25. On March 20, 2009, despite having no judgment against Plaintiffs or other legal justification by which it could garnish Plaintiffs' wages, Defendant sent a correspondence to Sabrina's employer stating its intention to serve Sabrina's employer "with legal documentation to garnish the wages of [Sabrina]."
26. The aforesaid correspondence also stated that Defendant was attempting to collect a debt from Plaintiffs and that Plaintiffs have failed to pay the putative debt.
27. In its attempts to collect the debt allegedly owed by Plaintiffs, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways: [see page 2].
28. As a result of Defendant's violations as aforesaid, Sabrina has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.
WHEREFORE, Plaintiff, SABRINA TERRY, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;
   b. Statutory damages of $1,000.00;
   c. Plaintiff's attorneys' fees and costs;
   d. Any other relief deemed appropriate by this Honorable Court.

Doc. 1 at ¶¶ 21-28. Defendant failed to answer or object the following requests for admission:

1. Plaintiffs, DWIGHT TERRY & SABRINA TERRY, are "consumers" as defined at 15 U.S.C. § 1692a(3).
2. The obligation allegedly due Carpenter Chiropractic Health Center is a "debt" as defined at 15 U.S.C. § 1692a(5).
3. Defendant, C & D COMPLETE BUSINESS SOLUTIONS, is engaged in the business of collecting consumer debts and regularly attempts and collects consumer debts allegedly owed to another and is a "debt collector" as defined at 15 U.S.C. § 1692a(6).
4. Defendant, C & D COMPLETE BUSINESS SOLUTIONS, mailed or caused to be mailed a letter dated March 4, 2009 to the Plaintiffs.
5. Defendant, C & D COMPLETE BUSINESS SOLUTIONS, mailed or caused to be mailed a letter dated March 20, 2009 to Dwight Terry's employer.
6. The letter dated March 20, 2009 and sent to Dwight Terry's employer included a statement that C & D COMPLETE BUSINESS SOLUTIONS is a debt collector and that Dwight Terry owes a debt.
7. At the time C & D COMPLETE BUSINESS SOLUTIONS mailed or caused a letter dated March 25, 2009 to [be mailed] Sabrina Terry's employer, it did not have a judgment against Sabrina Terry for the debt she allegedly owed.
8. Defendant, C & D COMPLETE BUSINESS SOLUTIONS, mailed or caused to be mailed a letter dated March 25, 2009 to Sabrina Terry's employer.
9. The letter dated March 25, 2009 and sent to Sabrina Terry's employer included a statement that C & D COMPLETE BUSINESS SOLUTIONS is a debt collector and that Sabrina Terry owes a debt.
10. At the time C & D COMPLETE BUSINESS SOLUTIONS mailed or caused a letter dated March 25, 2009 to [be mailed] Sabrina Terry's employer, it did not have a judgment against Sabrina Terry for the debt she allegedly owed.[1]
11. Neither Defendant nor any of its employees are licensed to practice law in the State of Missouri.

Doc. 18-1.

### Standard

Federal Rule of Civil Procedure 56(c) allows for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact…" The movant has the burden to show that there is no genuine issue of

---

[1] The Court notes that paragraph ten is identical to paragraph seven. Based on the format of this discovery request, Plaintiffs probably intended for paragraph seven to refer to the March 20th letter to Dwight Terry's employer.

material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). The Court must consider the facts in the light most favorable to the nonmoving party, who "must be given the benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.,* 950 F.2d 566, 569 (8th Cir. 1991). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Rather, it must set forth specific facts showing there is a genuine issue of material fact. *Anderson,* 477 U.S. at 248. Local Rule 56.1(a) sets out the manner in which motion for summary judgment should be filed in this Court.

> "The suggestions in support of a motion for summary judgment shall begin with a concise statement of uncontroverted material facts. Each fact shall be set forth in a separately numbered paragraph. Each fact shall be supported by reference to where in the record the fact is established…Suggestions in opposition to a motion for summary judgment shall begin with a section that contains a concise listing of material facts as to which the party contends a genuine dispute exists…All facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party."

Local Rule 56.1(a). Failure to answer when a responsive pleading is required constitutes an admission. Fed. R. Civ. P. 8(b)(6). Failure to answer or object to a request for admissions within 30 days constitutes an admission. Fed. R. Civ. P. 36(a)(3).

### FDCPA Statutory Standards

Plaintiffs claim four communications in violation of the FDCPA: a March 4, 2009 letter addressed to them; a March 20, 2009 letter addressed to them; and two March 20, 2009 letters to their respective employers. They claim that the initial letter violated section 1692g by failing to effectively notify them of their right to dispute the debt within 30 days. They claim that March 20 letters to them and their employers violated section 1692e by making misleading statements, section 1692c(b) by communicating with a third party, section 1692b(2) by informing third parties of the debt, and sections 1692d and 1692f by engaging in harassment, abuse and unfair

5

practices. The FDCPA is viewed through the lens of the "unsophisticated-consumer standard which is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." *Strand v. Diversified Collections Svc., Inc.,* 380 F.3d 316, 317 (8th Cir. 2004) (internal quotations omitted).

### A. Section 1692g

Under the FDCPA, a debt collector must include, either in its initial communication with the debtor or within five days thereafter, a statement that the consumer has the right to dispute the debt within 30 days. 15 U.S.C. § 1692g(a)(4). If the consumer disputes the debt, the debt collector must cease all collection activities until it can obtain verification. *Id.* Defendant's March 4, 2009 letter to Plaintiffs contained the following language, in small type below the signature line:

> "Unless within thirty (30) days after receipt of this notice, you dispute the validity of the debt or any portion of the debt, I will assume the debt is valid. If you notify me within thirty (30) days that the debt is disputed, I will obtain verification of the debt or a copy of the judgment against you and mail it to you. If you notify me within thirty (30) days to provide the name and address of the original creditor, if different from the original creditor, I will mail it to you. I may proceed with a lawsuit against you without waiting thirty (30) days. This is an attempt to collect a debt and any information obtained from you will be used for that purpose."

Technical compliance with 1692g(a)(4) is necessary but not sufficient. Rather, information must be "conveyed effectively to the debtor." *Swanson v. Southern Oregon Credit Svcs., Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1988).

### B. Section 1692e

Section 1692e deals with false and misleading statements made during collection efforts. It provides a list of specific examples, but makes clear that "any false, deceptive, or misleading representation…in connection with the collection of any debt" violates this section. *See also Clomon v. Jackson,* 988 F.2d 1314, 1320 (2d Cir. 1993) (noting the illegality of false statements

6

"regardless of whether the representation in question violates a particular subsection of [1692e]"). The debt collector may not threaten any action that "cannot legally be taken or is not intended to be taken." 15 U.S.C. § 1692e(5). This is specifically extended to include garnishment of wages. *Id.* at § 1692e(4). The debt collector may not misrepresent the "character, amount, or legal status of any debt…" *Id.* at § 1692e(2)(a). Nor can the debt collector use "any false representation or deceptive means to collect or attempt to collect any debt..." *Id.* at § 1692e(10). The Court has outlined the specific subsections Plaintiffs claim Defendant violated. In addition, Plaintiffs claim that Defendant violated the general proscription against false and misleading statements by stating that they had ten days to pay before facing a lawsuit, in contrast to the 30-day debt verification period.

### C. Section 1692c

Other than for the purpose of obtaining location information, which is regulated by section 1692b, debt collectors may not

> "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy…*communicate, in connection with the collection of any debt, with any person* other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

*Id.* at § 1692c(b). The language of this section is written strictly and it is applied equally strictly. *See, e.g., Romano v. Williams & Fudge, Inc.,* 644 F. Supp. 2d 653, 657 (W.D. Pa. 2008) (finding a violation "as a matter of law" where a debt collector contacted a father regarding a student debt allegedly owed by his son of the same name).

### D. Sections 1692d and f

Section 1692d outlaws actions "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. As section

7

1692e does with false statements, it provides an inclusive list of actions which are prohibited, such as threats of violence and the use of obscene or profane language. *Id.* at § 1692d(1)-(2). *See Horkey v. J.V.D.B. & Assoc., Inc.,* 333 F.3d 769, 774 (7th Cir. 2003) (statement asking debtor's coworker to tell the debtor to "stop being such a f*cking b*tch" violated the statute because the natural consequence was to abuse the hearer). Section 1692f outlaws the use of "unfair or unconscionable means" and provides a similar inclusive list of examples, such as charging interest or fees not authorized by the obligation.

## Discussion

The Court finds the following material facts to be undisputed based on Defendant's failure to answer certain allegations of the complaint, to respond to discovery and the pending motion.[2]

Plaintiffs are consumers as defined by the FDCPA. Doc. 18-1 at ¶ 1. The obligation allegedly owed to Carpenter Chiropractic Health Center is a debt as defined by the FDCPA. *Id.* at ¶ 2. Defendant is engaged in the business of collecting consumer debts and regularly attempts and collects consumer debts allegedly owed to another and is a debt collector as defined by the FDCPA. *Id.* at ¶ 3. Defendant mailed or caused a letter to be mailed to Plaintiffs on March 4, 2009. *Id.* at ¶ 4. This letter stated that Plaintiffs had ten days to pay or face a small claims

---

[2] Defendant now attempts to deny the unanswered pleadings and requests for admission. Doc. 25 at ¶¶ 4-7. Defendant has not requested leave to amend its answer to include these denials, nor made any attempt to remedy or explain the tardiness of its discovery responses. These late attempts are insufficient and highlight the importance of retaining an attorney with an understanding of the Federal Rules of Civil Procedure. *See Quasius v. Schwan Food Co.,* 596 F.3d 947, 950-51 (8th Cir. 2010) (noting that summary judgment is proper if facts admitted, even by failing to respond, are "dispositive" and that a party must file a 36(b) motion to "withdraw or amend" its admissions to avoid this); *Marshall v. Baggett,* 616 F.3d 849, 852 (8th Cir. 2010) (noting that well-pleaded facts not denied are admitted). Additionally, despite having been advised by the Court to consult Local Rule 56.1, Defendant does not appear to have specifically controverted any of Plaintiffs' facts. Docs. 24-25. Rather, its most recent summary judgment response focuses on normative arguments regarding Plaintiffs' refusal to settle and the "lack of responsibility on the part of the Terrys…" Doc. 25 at ¶ 9. The Court does not doubt that debt collection can be a frustrating business. But Congress has mandated that its practitioners comply with the FDCPA and the Federal Rules require that they offer something more than "[w]e felt we had exhausted any other options at that point" when accused of violating it. *Id.* at ¶ 2.

action. Doc. 18-4. It also contained the FDCPA's validation statement in smaller print after the body of the letter. *Id.* Defendant mailed or caused a letter to be mailed to Dwight Terry's employer on March 20, 2009. Doc. 18-1 at ¶ 5. This letter included a statement that Defendant is a debt collector and that Dwight Terry owed a debt. *Id.* at ¶ 6, Doc. 1 at ¶ 28. Defendant mailed or caused a letter to be mailed to Sabrina Terry's employer on March 25, 2009. Doc. at ¶ 8. This letter included a statement that Defendant is a debt collector and that Sabrina Terry owed a debt. *Id.* at ¶ 9, Doc. 1 at ¶ 26. Defendant did not have a judgment against Sabrina Terry for this debt she allegedly owed, but stated its intent to garnish her wages. Doc. 18-1 at ¶ 10, Doc. 1 at ¶ 25. Also on March 20, 2009, Plaintiffs received a second letter from Defendant. Doc. 18 at ¶ 19. This letter stated that Defendant intended to garnish Plaintiffs' wages. *Id.* at ¶¶ 20-21. However, Defendant did not have a judgment or other legal means by which to garnish Plaintiffs' wages. *Id.* at ¶ 22.

**A. March 4, 2009 Letter to Plaintiffs**

The March 4, 2009 letter to Plaintiffs violated the FDCPA by demanding payment under threat of a lawsuit within ten days, even though it contained a technically correct validation statement. Applying the unsophisticated consumer standard, such a person would be confused by the contradictory dates. *See Swanson,* 869 F.2d at 1226 (holding that threatening demand for payment within ten days "represents an attempt 'on the part of the collection agency to evade the spirit of the notice statute and mislead the debtor into disregarding the [required debt validation] notice'") (citing *Ost v. Collection Bureau, Inc.,* 493 F. Supp. 701, 703 (D. N.D. 1980)); *see also Peter v. GC Svcs. L.P.,* 310 F.3d 344, 349 (5th Cir. 2002) (approving of *Swanson*). It is undisputed that Defendant sent this letter. Accordingly, Defendant has violated the FDCPA. 15 U.S.C. § 1692g(a).

### B. March 20, 2009 Letter to Plaintiffs

It is undisputed that Defendant sent a letter to Plaintiffs on March 20 threatening to garnish their wages. It is further undisputed that Defendant did not have a judgment or other legal justification by which to do this. This statement therefore violated the FDCPA by threatening action which cannot legally be taken. 15 U.S.C. § 1692e(4)-(5). Though garnishment of wages is certainly legal, it is important to note that Defendant did not threaten garnishment at some unknown future date, but rather, after ten days. Doc. 18-5. Since Defendant did not have a judgment at that time and could not have reasonably obtained one within ten days, this was action that could not legally be taken. Section 1692e does not require that false statements be made to the consumer, but rather prohibits any false statements "in connection with the collection or any debt." 15 U.S.C. § 1692e.

### C. Letters to Employers

Defendant sent letters to Plaintiffs' employers in connection with the collection of a debt. If these letters were for location purposes, they violated section 1692b(2) by disclosing the debt. If not, they violate section 1692c(b) by communicating with a third party in connection with the collection of a debt. In the alternative, these letters also threatened garnishment, which was an action that could not legally be taken for the reasons discussed previously.

### D. Damages

The Court has determined that the undisputed facts show that all four letters at issue in this case violated the FDCPA. The Court has not considered all of Plaintiffs' claims about these letters. For example, Plaintiffs allege that Defendant has admitted that they used "unfair means" to collect a debt. Doc. 18 at ¶ 37. While it is true that Defendant did not respond to that pleading, it represents a legal conclusion rather than a factual allegation. Furthermore, the Court

finds that the record does not support Plaintiffs' claims that Defendant took actions to harass, oppress or abuse them. The Court need not reach each and every claim because FDCPA statutory damages are awarded on a per action basis, not per violation. *Peter,* 310 F.3d at 352 n.5. Plaintiffs have not shown that there is no undisputed material fact as to actual damages, but actual damages are not a prerequisite to statutory damages. *Robey v. Shapiro, Marianos & Cejda, L.L.C.,* 434 F.3d 1208, 1212 (10th Cir. 2006) (quoting *Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 301 (2d Cir. 2003)). When awarding statutory damages, a court must consider "among other relevant factors…the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional…" 15 U.S.C. § 1692k(b)(1). Defendant sent multiple noncompliant communications in this case. While it may have thought they were legal, there is no allegation that they were accidentally sent. Regarding the nature of the violations, the Court regards the 1692g violation as less severe. Defendant included a technically correct validation statement and the violation is reached only by applying the unsophisticated consumer standard of review. But the Court finds no such factors weighing in Defendant's favor on the other letters. The communications with Plaintiffs' employers represent blatant violations that go against the explicit text of the statute. The March 20 letter to Plaintiffs threatened legal action that cannot be taken without a judgment, which Defendant admits it did not have. These are not technical violations, but rather represent the exact types of conduct Congress sought to prevent. The Court finds that each Plaintiff is entitled to the maximum statutory damages of $1,000.

## Conclusion

The undisputed material facts show that Defendant violated the FDCPA as to both Plaintiffs. Plaintiffs' Motion for Summary Judgment is therefore GRANTED. The persistence

and nature of the violations entitle each Plaintiff to the maximum statutory damages of $1,000. Plaintiffs shall file their Motion for attorneys' fees and the appropriate documentation on or before February 4, 2011. After that Motion is fully briefed, the Court will rule on it and enter a single Clerk's Judgment on all issues.

**IT IS SO ORDERED**

Dated: January 18, 2011                     /s/ Greg Kays
                                            GREG KAYS
                                            UNITED STATES DISTRICT JUDGE