**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

DWIGHT TERRY and SABRINA TERRY,   )
                                  )
       Plaintiffs,                )
                                  )
v.                                )  Case No. 09-00799-CV-W-DGK
                                  )
                                  )
C & D COMPLETE BUSINESS           )
SOLUTIONS,                        )
                                  )
       Defendant.                 )

**ORDER**

Pending before the Court is the Plaintiffs' fully-briefed Motion for attorneys' fees. Docs. 28-30. For the reasons discussed herein, the Plaintiffs' Motion is GRANTED.

**Background**

The background in this case has been detailed in full by the Court in its Order granting summary judgment to the Plaintiffs. Doc 27 at 1-4. In short, the Court found that the Defendant violated the Fair Debt Collection Practices Act ("FDCPA") by communicating with the Plaintiffs' employers, by threatening garnishment that could not be legally achieved at that point in time, and by including a misleading validation statement. The Court awarded both Plaintiffs statutory damages of $1,000. Plaintiffs now seek an award of costs and attorneys' fees in the amount of $11,001.85 pursuant to 15 U.S.C. § 1692k(a).[1] Doc 30 at 6. Plaintiffs were represented by a total of three attorneys and one paralegal, whose work up to and including the Reply to the instant Motion amounts to 48.6 billable hours. In support of this claim, the

---

[1] The FDCPA requires costs and "reasonable attorney's fees" to a prevailing plaintiff, in addition to damages. 15 U.S.C. § 1692k(a)(3).

Plaintiffs offer their time sheets and exhibits regarding their education and experience in similar cases. Docs. 28-3, 28-4, 28-5.

## Standard

Prevailing plaintiff's attorneys' fees are mandatory under the FDCPA. When determining the reasonableness of a fee request, the Lodestar method is "the most useful starting point for determining the amount of a reasonable fee." *Hensley v. Eckerhart,* 461 U.S. 424, *Id*. This method entails multiplying the number of hours worked by the applicable hourly rate for the legal services performed. *Id.* The reasonableness of the hourly rates is determined looking at the prevailing hourly rates charged by attorneys in the relevant community. *Blum v. Stenson,* 465 U.S. 886, 888 (1984). However, "it remains for the district court to determine what fee is 'reasonable.'" *Hensley*, 461 U.S. at 433.

## Discussion

In this case, the Plaintiffs have provided documentation of the time and effort expended by their attorneys to win this case. The Defendant argues that the fee request is excessive in light of other cases. Many cases cited by the Defendant are irrelevant to the case at bar. For example, the Defendant notes that in *Hopkins v. Jacobson & Associates, LLC,* attorneys' fees were $1,899.50, which is only 69% of the actual and statutory damages awarded in that case. Doc. 28-6 at 3.[2] But that was a default judgment case. The amount of attorney time it takes to successfully litigate summary judgment versus the amount of time it takes to win default judgment is like comparing apples and oranges. The circumstances in this case required the Plaintiffs' attorneys to litigate the case all the way to the summary judgment stage, requiring numerous filings, both initial and responsive, and memoranda in support of those filings.

---

[2] The default judgment cases cited by the Defendant were used by the Plaintiffs' attorneys to show the reasonableness of their *rates*, not the reasonableness of the hours worked or total amounts awarded.

Plaintiffs' attorneys have offered a detailed record of the hours spent working the case and it is the opinion of the Court that the hourly rates charged by Plaintiff's attorneys are reasonably in line with the hourly rates of attorneys in Kansas City, Missouri.[3] Nor does the Court find any reason to question the reasonableness of any time entry submitted by the Plaintiff. While it might be easy to second-guess or "Monday morning quarterback" an attorneys' fee request, the issue is reasonableness, not whether the work was perfect or even perfectly efficient. The Plaintiffs' attorneys did a thorough job of litigating each of the Plaintiffs' claims. This hard work resulted in a victory for the Plaintiffs, and the Court finds their attorneys' fees request reasonable.

The Defendant's remaining argument deals with the Plaintiffs' failure to settle this case. While the Court encourages parties to settle their disputes, it is ultimately not relevant to the determination of reasonable attorneys' fees. The question is the reasonableness of the requested fees—not whether there was some possibility at some point in time to reduce the fees by settling. Requiring plaintiffs to accept a settlement offer or face a reduction in their attorneys' fees would disregard the fee-shifting policy enacted by Congress.

The Plaintiffs met their burden to win summary judgment on their claims. Though they have not shown actual damages, the nature and extent of the violations convinced the Court to award the maximum amount of statutory damages—$1,000—to both Plaintiffs. The Court finds that the Plaintiffs have met their burden to show reasonable attorneys' fees in the amount of $10,478.

---

[3] The Plaintiffs' attorneys are based in Chicago, and while the rates charged are likely reasonable in that market as well, Kansas City is the relevant market to the Court's reasonableness determination.

## Conclusion

For the reasons discussed above, the Plaintiffs' Motion for attorneys' fees is GRANTED in the amount of $10,478.[4]  A Clerk's Judgment on both this issue and the merits will issue shortly.

**IT IS SO ORDERED**


Dated: May 31, 2011                                             /s/ Greg Kays
                                                                GREG KAYS,
                                                                UNITED STATES DISTRICT JUDGE

---

[4] The Plaintiffs also request $523.85 in fees for filing and service.  None of these costs appear to be the type of *nontaxable* costs that would normally be disposed of by an attorneys' fees order.  Accordingly, upon final judgment, the Plaintiffs should file a Bill of Costs with the Clerk.